# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

KULTAR S. GORAYA,

    Petitioner,

v.                                          Case No: 2:18-cv-602-SPC-MRM

SECRETARY, DOC,

    Respondent.
_____/

## OPINION AND ORDER[1]

Before the Court is Kultar Singh Goraya's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1).

## Background

The State of Florida charged Goraya of Second Degree Murder for killing his wife, Rupinder Goraya. (Doc. 21-2 at 14). The Public Defender entered an appearance on Goraya's behalf, but Goraya asked the trial court to dismiss the Public Defender from the case so Goraya could represent himself. (*Id.* at 18). After holding a hearing where the Court determined Goraya made a knowing, intelligent, and unequivocal waiver of his right to counsel, the trial court

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

granted Goraya's request and appointed the Office of Regional Counsel as stand-by counsel at trial. (*Id.* at 29, 39).

At trial, the State showed that Rupinder suddenly and permanently disappeared in September 2007, and several witnesses testified that Goraya admitted that he choked her to death. The jury found Goraya guilty of Second Degree Murder. (*Id.* at 68). At Goraya's request and after a hearing, the Court discharged the Regional Counsel and allowed Goraya to represent himself at sentencing. (Doc. 21-4 at 47). The trial court imposed a life sentence.

Goraya appealed his conviction *pro se*. He raised five arguments, including Ground 1 of the Petition—that the evidence was insufficient to support a conviction. (Doc. 21-11 at 131). The Second District Court of Appeal of Florida (2nd DCA) affirmed without a written opinion. (*Id.* at 265). The 2nd DCA denied Goraya's request for a rehearing. (*Id.* at 303). Goraya then petitioned the 2nd DCA for a writ of habeas corpus based on an argument similar to Ground 2 here. (*Id.* at 307-310). The 2nd DCA denied the petition without a written opinion. (*Id.* at 324).

Goraya filed a state post-conviction motion under Florida Rule of Criminal Procedure 3.800(a). (*Id.* at 124). The post-conviction court denied the motion. (*Id.* at 137). And the 2nd DCA affirmed. (*Id.* at 171). While the appeal was pending, Goraya petitioned the Florida Supreme Court for a writ of habeas corpus based on six grounds, including Grounds 1, 2, and 4 in his

federal Petition. (Doc. 21-12 at 199). The Florida Supreme Court treated the petition as a Rule 3.850 post-conviction motion and transferred it to the circuit court. (*Id.* at 219). The post-conviction court denied the motion. (*Id.* at 227). Goraya's appeal of that denial was pending when he filed the Petition in this Court, so the Court stayed this case to allow Goraya to exhaust his state claims. (Doc. 23). The 2nd DCA affirmed denial of the 3.850 motion, and this Court lifted the stay. (Doc. 30). The Petition is now ripe.

## Applicable Habeas Law

### A. AEPDA

The Antiterrorism Effective Death Penalty Act (AEDPA) governs a state prisoner's petition for habeas corpus relief. 28 U.S.C. § 2254. Relief may only be granted on a claim adjudicated on the merits in state court if the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014). A state court's violation of state law is not enough to show that a petitioner is in custody in violation of the

3

"Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 16 (2010).

"Clearly established federal law" consists of the governing legal principles set forth in the decisions of the United States Supreme Court when the state court issued its decision. *White*, 134 S. Ct. at 1702; *Casey v. Musladin*, 549 U.S. 70, 74 (2006) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). Habeas relief is appropriate only if the state court decision was "contrary to, or an unreasonable application of," that federal law. 28 U.S.C. § 2254(d)(1). A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005); *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531

(quoting *Williams*, 529 U.S. at 406). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "[T]his standard is difficult to meet because it was meant to be." *Sexton v. Beaudreaux*, 138 S. Ct. 2555, 2558 (2018).

Finally, when reviewing a claim under 28 U.S.C. § 2254(d), a federal court must remember that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.").

**B. Exhaustion and Procedural Default**

AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of relief available under state law. Failure to exhaust occurs "when a petitioner has not 'fairly presented' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Pope v. Sec'y for Dep't. of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010)). The petitioner must apprise the state

court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998).

Procedural defaults generally arise in two ways:

> (1) where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred; or (2) where the petitioner never raised the claim in state court, and it is obvious that the state court would hold it to be procedurally barred if it were raised now.

*Cortes v. Gladish*, 216 F. App'x 897, 899 (11th Cir. 2007). A federal habeas court may consider a procedurally barred claim if (1) petitioner shows "adequate cause and actual prejudice," or (2) if "the failure to consider the claim would result in a fundamental miscarriage of justice." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)).

## Discussion

Respondent concedes Goraya timely filed the Petition, which raises four grounds.

### A. Ground 1: The State failed to meet its burden of proof.

Goraya argues his conviction violated the Fourth, Sixth, and Fourteenth Amendments because the State failed to prove any of the three elements of Second Degree Murder beyond a reasonable doubt. Goraya raised this issue on direct appeal, but he did not apprise the 2nd DCA of any federal

constitutional issue—he only argued the State's evidence was inadequate under state law. (Doc. 21-11 at 159-69). Goraya raised the issue again in his 3.850 motion, and the post-conviction court found it procedurally barred under state law. (Doc. 21-12 at 227-229).

In his Reply, Goraya argues he presented Ground 1 as a federal claim in his direct appeal, but the record refutes this. Goraya made only state law claims in his direct appeal; he cited no sources of federal law. It is not enough that the facts underlying the appeal are the same Goraya relies on here. Nothing in Goraya's appeal brief alerted the 2nd DCA to a federal claim. *See Pearson v. Sec'y, Dep't of Corr.*, 273 F. App'x 847, 850 (11th Cir. 2008). And when Goraya raised the issue again, the state court correctly found it was procedurally barred by established state law. *See Childers v. State*, 782 So. 2d 946 (Fla. 2001). Ground 1 is unexhausted, *see Snowden, supra*, and procedurally barred, *see Cortes, supra.*

### B. Ground 2: The trial court violated the constitution by forcing Goraya to represent himself at trial.

This ground is refuted by the record. The trial court did not force Goraya to represent himself. The post-conviction court summarized the relevant history:

> The record reflects that by order filed July 20, 2015, Defendant's request to represent himself was granted, with the Public Defender acting as stand-by counsel. By order filed August 6, 2015, the Public Defender was withdrawn, and Regional Counsel

was appointed to act as stand-by counsel. On October 27, 2015, Defendant's motion to dismiss counsel was granted and Regional Counsel was withdrawn as stand-by counsel. There is no constitutional right to hybrid representation, and a defendant has no right to "make his own defense personally and have the assistance of counsel." *Sheppard v. State*, 17 so. 3d 275, 279-80 (Fla. 2009).

(Doc. 21-12 at 228-29). Through trial and sentencing, the trial court asked Goraya if he wished to continue representing himself and reminded him that counsel could be appointed if he changed his mind. Goraya repeatedly insisted that he wanted to represent himself. Ground 2 is frivolous and refuted by the record, and the post-conviction court's denial was reasonable  Ground 2 is denied.

### C. Ground 3: Goraya's conviction is inconsistent with a decision from the Fourth District Court of Appeal of Florida (4th DCA).

Goraya argues the 2nd DCA's order affirming his conviction is inconsistent with the 4th DCA's decision in *Ramsammy v. State*, 43 So. 3d 100, 102 (Dist. Ct. App. Fla. 2010). Goraya makes no attempt to couch Ground 3 as a federal claim. Because Ground 3 is based entirely on state law, it cannot be raised in a federal habeas petition. *See Wilson, supra.* Ground 3 is denied.

### D. Ground 4: The charging Information was too vague to give the trial court jurisdiction.

Finally, Goraya argues the trial court lacked jurisdiction to put him on trial because the Information did not allege a date, time, or location of the

murder. The post-conviction court found this claim procedurally barred and meritless:

> By failing to raise this issue before the verdict was rendered, Defendant has waived this claim. *Irvin v. State*, 41 So. 785 (Fla. 1906) ("If he delays until after the verdict rendered to raise the issue of duplicity in the indictment, he will be held to have waived such issue"); *State v. Cadieu*, 353 So. 2d 150 (Fla. 1st DCA 1977). As this is not fundamental error, allegations that an information is improper are among those claims properly raised on direct appeal, and thus barred on a 3.850 motion. *Ziegler v. State*, 452 So. 2d 334 (Fla. 1984); *Golden v. State*, 509 So. 2d 1154 (Fla. 1st DCA 1987). Even if not procedurally barred, an information is fundamentally defective when it fails to cite a specific statute section and totally omits an essential element of the crime. *Figueroa v. State*, 84 So. 3d 1158, 1161 (Fla. 2d DCA 2012). The information in this case cites to Fla. Stat. §782.04(2), and does not omit any essential elements of the offense of second degree murder. An exact time or location of offense are not essential elements of the crime charged.

(Doc. 21-12 at 227-28).

An information is constitutionally sufficient under federal law if it informs the defendant of the essential elements of the charged crime. *Sneed v. Fla. Dep't of Corr.*, 496 F. App'x 20, 23-24 (11th Cir. 2012). And an information that specifically refers to the statue on which a charge is based adequately informs the defendant of the charge. *Id.* at 23. Goraya does not allege that the Information omitted any element of Second Degree Murder. Nor does he argue the post-conviction court's rejection of this ground was unreasonable. Indeed, time and location are not elements of Second Degree Murder in Florida. What

9

is more, the information alleged each element of the crime and referenced the applicable statute. (Doc. 21-2 at 14). The Court denies Ground 4.

## DENIAL OF CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citations omitted). Goraya has not made the requisite showing here and may not have a certificate of appealability on any ground of his Petition.

Accordingly, it is now

**ORDERED:**

Kultar Singh Goraya's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on May 25, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record